

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-5-2008

# USA v. Grebenschikov

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4131

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Grebenschikov" (2008). *2008 Decisions*. Paper 717.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/717

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-4131

———————

UNITED STATES OF AMERICA

v.

YAROSLAV GREBENSCHIKOV

Appellant

———————

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 04-cr-00690)
District Judge:  Hon. Dennis M. Cavanaugh

———————

Submitted under Third Circuit  LAR 34.1 (a)
on June 26, 2008

Before:  SLOVITER, BARRY and ROTH, <u>Circuit Judges</u>

(Opinion filed:  August 5, 2008)

———————

O P I N I O N

———————

**ROTH,** <u>Circuit Judge</u>:

Yaroslav Grebenschikov appeals the judgment of sentence imposed on him by the United States District Court for the District of New Jersey. The only issue on appeal is the reasonableness of the sentence. For the reasons set forth below, we will affirm the judgment of the District Court.

## I. Background and Procedural History

Because the facts are well known to the parties, we will discuss them only briefly here.

Grebenschikov was charged in a single-count indictment with conspiracy to transport, transmit, and transfer a monetary instrument and funds from the United States to Latvia, with the intent to promote the carrying on of a specified unlawful activity, namely, the transportation and shipment in interstate commerce by computer of visual depictions which involved the use of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 1956(c)(4). Grebenschikov entered into a plea agreement and pled guilty on October 1, 2004. In the plea agreement, the parties agreed that, pursuant to the U.S. Sentencing Guidelines, the total offense level applicable to Grebenschikov's case was 25.

Prior to sentencing, in the Presentence Investigation Report, the Probation Office recommended a two-point increase in Grebenschikov's offense level on the ground that Grebenschikov had engaged in sophisticated money laundering. Grebenschikov filed objections to the Presentence Investigation Report, including to the suggested two-level

enhancement. Grebenschikov also moved for a downward departure on the grounds that he had provided substantial assistance to the Government and that, prior to sentencing, he had been confined for two years in a non-federal institution where he was subject to unreasonable conditions. Citing 18 U.S.C. § 3553(a)(1), he also requested the most lenient sentence available on the grounds that: there was no victim of the offense; he had fully cooperated with the authorities; he had a family whom he wished to continue supporting; he is well-educated; he had been consistently employed and had shared information garnered during his employment in Belarus with the U.S. Government, thereby endangering himself; and his financial history demonstrated responsibility. Grebenschikov provided numerous letters in support of his request for a lenient sentence.

The District Court held a sentencing hearing on July 27, 2006. At the hearing, the District Court rejected the Probation Office's request for a two-level enhancement, so that Grebenschikov's offense level remained 25. Grebenschikov had a criminal history category of I, resulting in a Guidelines range of 57 to 71 months imprisonment.

The District Court heard arguments from counsel regarding Grebenschikov's motion for a downward departure. The District Court denied the motion. In so doing, the District Court considered "the significance and usefulness of the Defendant's assistance and your [the government's] evaluation thereof; the truthfulness, completeness, and reliability, the nature and extent of the Defendant's assistance; and potential danger he may face; and, of course, the timeliness of his assistance." The District Court concluded that the government had

determined not to seek a downward departure based on Grebenschikov's assistance and that nothing in the record indicated that the government had not appropriately evaluated Grebenschikov's efforts. The District Court noted that the government would have had difficulty verifying much of the information that Grebenschikov had provided. With respect to Grebenschikov's complaint about his confinement in a county jail, the District Court determined that nothing other than Grebenschikov's statements supported his allegations regarding the conditions at the jail.

Counsel also presented arguments regarding Grebenschikov's request for leniency at the hearing. Grebenschikov's attorney reiterated each of the grounds presented in his motion, and Grebenschikov addressed the court as well. The District Court explicitly disagreed with Grebenschikov's assertion that his offense had no victims.

The District Court recognized that the Guidelines are advisory, not mandatory. Following counsel's arguments and Grebenschikov's statement, the District Court explained,

> ". . . I have considered everything that was said. I read with interest the application by your [Grebenschikov's] attorney. It was well done, very thorough.
>
> "I must admit that the argument that I should be lenient because of your education and family can cut both ways . . .. Someone of your education and wherewithal should not have been getting involved in this type of activity. You are obviously the kind of individual that could go out and make an honest living, without violating the law . . ..
>
> "As far as the fact that any sentence in your situation has an adverse impact on your family, I hear that at every sentencing.

4

And that's a very unfortunate situation. But these are choices that those who get involved in our criminal justice system make. . . .

"[W]hile I certainly have sympathy for your family, for your wife, for your child . . . I'm not going to allow that to play a significant part in my sentencing.

". . . I think that the Government has been quite reasonable in their agreement to a level 25."

The District Court sentenced Grebenschikov to 60 months imprisonment and two years supervised release, and ordered him to pay a $100 special assessment.

Grebenschikov appealed. He argues that the District Court's 60-month sentence is unreasonable because the District Court failed to give meaningful consideration to the factors set forth in 18 U.S.C. § 3553(a) and failed to apply those factors reasonably to the circumstances of Grebenschikov's case.

## II. Analysis

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Following *United States v. Booker*, 543 U.S. 220 (2005), we review a sentence for reasonableness. *United States v. Cooper*, 437 F.3d 324, 326-28 (3d Cir. 2006). Reasonableness review essentially calls upon us to "ask[] whether the trial court abused its discretion." *Rita v. United States*, 127 S.Ct. 2456, 2465 (2007).

We set forth the standard by which we review the reasonableness of a district court's sentence in *United States v. Cooper*:

> "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. The court need not discuss every argument made by a litigant if an argument is clearly without merit. Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing."

437 F.3d at 329 (internal citations omitted).

In addition to ensuring that the District Court considered the § 3553(a) factors, "we must also ascertain whether those factors were reasonably applied to the circumstances of the case." *Id.* at 330. We apply a deferential standard in examining the District Court's application of the § 3553 factors. *Id.* "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2006) (en banc).

The record indicates that the District Court reasonably considered and applied the relevant § 3553(a) factors in determining Grebenschikov's sentence. While the District Court did not expressly refer to the § 3553(a) factors or undertake a specific analysis of each factor, such scripted steps are not required. *United States v. Parker*, 462 F.3d 273, 278-79 (3d Cir. 2006). The District Court discussed the history and characteristics of the defendant, in particular, Grebenschikov's efforts to cooperate with authorities, although perhaps ultimately not helpful, as well as Grebenschikov's family, educational, and employment background. However, the record indicates that the District Court determined that the latter factor cut both ways in Grebenschikov's case because he arguably had opportunities beyond criminal conduct. Moreover, the District Court's response to Grebenschikov's argument that

6

his offense had no victims, as well as its statement that the Government had been "quite reasonable" in agreeing to an offense level of 25, indicates that the District Court considered the offense quite serious. The District Court explained that, while Grebenschikov had not been involved in taking photographs of children, his conduct had allowed the child pornography enterprise to continue. In addition, the District Court expressly took into account the Guidelines range and applied a sentence within that range. *See Rita*, 127 S.Ct. at 2468 ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.").

Grebenschikov faults the District Court for not considering the disparity between his sentence and the sentences imposed on others involved in the money laundering enterprise, as set forth in § 3553(a)(6). Grebenschikov failed to raise this issue to the District Court. Moreover, the other defendants whose sentences Grebenschikov claims are disparate compared with his own were not guilty of similar conduct. Nor does Grebenschikov argue that his sentence was disparate compared to sentences generally imposed on other defendants with similar criminal histories who are guilty of similar criminal conduct. *See Parker*, 462 F.3d at 277.

Having determined that the District Court gave "meaningful consideration" to the relevant factors, we find that the District Court did not abuse its discretion in applying them to Grebenschikov's case. *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir.), *cert. denied*, 127 S.Ct. 600 (2006). The District Court's sentence was within the Guidelines range

7

for the offense level to which Grebenschikov agreed, and the District Court clearly articulated why it rejected his motion for a departure. *See Cooper*, 437 F.3d at 331.[1]

## III. Conclusion

For the reasons set forth above, we will affirm the judgment of the District Court.

---

[1]Grebenschikov also argues that the District Court erred in failing to consider the grounds he presented as a basis for a downward departure (substantial assistance and incarceration in a county jail) in determining whether the sentence it imposed was reasonable. However, the District Court did discuss those grounds in the context of the downward departure motion and, in imposing sentence, made clear that it had read Grebenschikov's sentencing memorandum. Grebenschikov reiterated those issues in his statement to the District Court, immediately after which the District Court pronounced the sentence. Even though the District Court did not explicitly discuss Grebenschikov's claims with respect to substantial assistance and prior incarceration in ultimately imposing the sentence, the record indicates that the District Court was well aware of and had considered those issues.